**PRESTIGE LEGAL SOLUTIONS, P.C.**
Michelle Yang, Esq. (SBN 325467)
myang@plsfirm.com
Andrea Plata, Esq. (SBN 343766)
aplata@plsfirm.com
6420 Wilshire Blvd., Ste. 1400
Los Angeles, CA 90048
Telephone: (310) 758-1283
Fax: (310) 933-5821

Attorneys for Plaintiffs,
**LUIS CRUZ MEJIA**
**HOLBEI PEDRAZA TINOCO**

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUIS CRUZ MEJIA, an individual, and HOLBEI PEDRAZA TINOCO, an individual,

Plaintiffs,

vs.

GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1-10, inclusive,

Defendants.

Case No.: 8:26-cv-00631-MRA-KES

HON. JUDGE MONICA RAMIREZ ALMADANI

**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**

Complaint Filed: November 17, 2025

[*Filed concurrently with the Declaration of Andrea Plata*]

**<u>HEARING</u>**
**Date: June 2, 2026**
**Time: 10:00 a.m.**
**Courtroom: 9B**

**TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 2, 2026 at 10:00 a.m. in Courtroom 9B of the Central District Court of California, Plaintiffs Luis Cruz Mejia and Holbei Pedraza Tinoco ("Plaintiffs"), will and hereby does move this Court for an Order remanding the above-entitled action back to the Superior Court of the State of California for the County of Orange pursuant to Federal Rules of Civil Procedure 28 U.S.C. § 1447(c).

Plaintiffs move for remand on the following grounds:

1. Defendant waived their right to remove under 28 U.S.C. § 1446(b)(1) by failing to file a notice of removal within 30 days of receiving Plaintiffs' Complaint.
2. Defendant waived its right to remove pursuant to 28 U.S.C. § 1446(b)(3) because it did not file for removal within 30 days after receipt of an alleged amended pleading or other paper.
3. Defendant failed to establish removal is substantively proper.

This motion is based upon the supporting Memorandum of Points and Authorities, the Declaration of Andrea Plata, Esq., the papers and pleadings on file in this action, and upon such further matters that may be presented at the hearing.

As required under Local Rule 7-3, all Parties conducted Microsoft Teams meet-and-confer conferences on March 31, 2026, raising, among other things, the issue of the timeliness of Defendant's removal. Despite Plaintiffs' offer to stipulate to remand, Defendant has not agreed to do so as of the date of this filing (Declaration of Andrea Plata ¶ 9.)

//

//

//

//

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

Dated: April 20, 2026 **PRESTIGE LEGAL SOLUTIONS, P.C.**

_*/s/ Andrea Plata*_____
Andrea Plata, Esq.
Attorneys for Plaintiffs,
**LUIS CRUZ MEJIA**
**HOLBEI PEDRAZA TINOCO**

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

# TABLE OF CONTENTS


I. INTRODUCTION AND PROCEDURAL HISTORY .................................... 1

a. Procedural Posture Mandating Remand ........................................ 1

II. ALL PARTIES MET AND CONFERED PRIOR TO THE FILING OF PLAINITFFS' MOTION TO REMAND PURSUANT TO LOCAL RULE 7-3 .... 3

III. STANDARD OF REVIEW ........................................ 3

IV. ARGUMENT ........................................ 4

a. The Amount In Controversy Is Ascertainable On The Face Of The Complaint ........................................ 5

b. Defendant Has Not Met Its Heavy Burden of Establishing That the Amount in Controversy Exceeds $75,000 ........................................ 8

i. Actual Damages ........................................ 8

ii. Civil Penalties ........................................ 9

iii. Attorneys' Fees ........................................ 10

V. CONCLUSION ........................................ 10


PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

# TABLE OF AUTHORITIES

CASES

*Babasa v. LensCrafters, Inc.*,
498 F.3d 972 (9th Cir. 2007) .......... 4

*Buchner v. FDIC*,
981 F. 2d 816 (5th Cir. 1993) .......... 4

*Chajon v. Ford Motor Co*.,
2019 WL 994019 (C.D. Cal. Jan. 8, 2019) .......... 10

*Chavez v. FCA US LLC*,
2020 WL 468909 (C.D. Cal. Jan. 27, 2020). .......... 10

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332, 126 S.Ct. 1854 (2006) .......... 5

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014) .......... 2, 8

*Emrich v. Touche Ross & Co.*,
846 F.2d 1190 (9th Cir.1988) .......... 5

*Ethridge v. Harbor House Rest*,
861 F.2d 1389 (9th Cir. 1988) .......... 4

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr.,*
463 U.S. 1 (1983) .......... 5

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) .......... 3, 4, 10

*Guglielmino v. McKee Foods Corp*.,
506 F.3d 696 (9th Cir. 2007) .......... 10

*Harris v. Bankers Life and Cas. Co.,*
425 F.3d 689 (9th Cir.2005) .......... 4

*Ibarra v. Manheim Investments, Inc.*,
775 F.3d 1193 (9th Cir. 2015) ........................................................ 3, 7
*Jordan v. Nationstar Mortg*. LLC,
781 F.3d 1178 (9th Cir. 2015) ........................................................ 1, 11
*Kuxhausen v. BMW Fin. Servs. NA LLC*,
707 F.3d 1136 (9th Cir. 2013) ........................................................ 6
*Louisville & Nashville R. Co. v. Mottley,*
211 U.S. 149 (1908)........................................................ 5
*Lussier v. Dollar Tree Stores, Inc.*,
518 F.3d 1062 (9th Cir. 2008) ........................................................ 11
*Luther v. Countrywide Home Loans Servicing LP*,
533 F.3d 1031 (9th Cir. 2008) ........................................................ 4
*Maniar v. F.D.I.C.*,
979 F.2d 782 (9th Cir. 1992) ........................................................ 5
*Martin v. Franklin Capital Corp*.,
546 U.S. 132 (2005)........................................................ 11, 12
*Merrell Dow Pharm. Inc. v. Thompson,*
478 U.S. 804 (1986)........................................................ 5
*MIC Philberts Investments v. Am. Cas. Co. of Reading, Pa.*,
No. 1:12-CV-0131 AWI-BAM, 2012 WL 2118239 (E.D. Cal. June 11, 2012)... 6
*Moore-Thomas v. Alaska Airlines, Inc.*,
553 F.3d 1241 (9th Cir. 2009) ........................................................ 4
*Powers v. Ford Motor Co*.,
2019 WL 1557451 (C.D. Cal. Apr. 9, 2019) ........................................................ 11
*Prize Frize, Inc. v. Matrix (U.S.) Inc.*,
167 F.3d 1261 (9th Cir. 1999) ........................................................ 4
*Provincial Gov't of Orangeduque v. Placer Dome, Inc.*,
582 F.3d 1083 (9th Cir. 2009) ........................................................ 4

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

*Roe v. Michelin N. Am., Inc.*
613 F.3d 1058 (11th Cir.2010) ........................................ 6
*Sanchez v. Monumental Life Ins. Co.*,
102 F.3d 398 (9th Cir. 1996) ........................................ 10
*Schneider v. Ford Motor Co.*,
2020 WL 9915131 (N.D. Cal. Mar. 2, 2020) ........................................ 10
*Scott v. Breeland*,
792 F.2d 925 (9th Cir. 1986) ........................................ 4
*Shamrock Oil & Gas Corp. v. Sheet*,
313 U.S. 100 (1941) ........................................ 4
*Shelton v. Ford Motor Co.*,
2019 WL 126851 (C.D. Cal. Jan. 7, 2019) ........................................ 11
*Vande Steeg v. Ford Motor Co.*,
2020 WL 212508 (N.D. Cal. May 5, 2020) ........................................ 11

STATUTES

15 U.S.C. § 2301 ........................................ 5
15 U.S.C. § 2310(d)(3)(B) ........................................ 9
28 U.S.C. § 1331 ........................................ 5
28 U.S.C. § 1332 ........................................ 7
28 U.S.C. § 1446 ........................................ 6
28 U.S.C. § 1446(b)(1) ........................................ 2, 3
28 U.SC. § 1447 ........................................ 5
28 U.S.C. § 1447 (c) ........................................ 1, 4, 11
Cal. Civ. Code § 1794(c) ........................................ 10

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURAL HISTORY

On November 17, 2025, Plaintiffs Luis Cruz Mejia and Holbei Pedraza Tinoco ("Plaintiffs") filed this action in the Superior Court of California for the County of Orange, against Defendant General Motors LLC ("Defendant" and "GM") alleging breach of implied and express warranties under the California Song-Beverly Consumer Warranty Act ("SBA") arising out of Plaintiffs' purchase of a 2022 GMC Sierra 1500 ("Subject Vehicle"). (Declaration of Andrea Plata ¶ 3.)

The issues related to Defendant's untimely removal were brought to Defendant's Counsel's attention on March 31, 2026, when counsel for the Parties held a Local Rule 7-3 Conference regarding Defendant's clearly untimely and defective Notice of Removal. (Declaration of Andrea Plata ¶ 9.) Plaintiffs' Counsel informed Defendant's counsel of their intention to file a Motion to Remand. (*Id*., ¶ 9.) However, Defendant refused to acknowledge that their Notice of Removal was improper. (*See generally*, Dkt. No. 1, Notice of Removal, Ex. A, hereinafter, "Complaint.")

### a. Procedural Posture Mandating Remand

**On October 17, 2025, pursuant to Code of Civil Procedure § 871.24, Plaintiff produced a copy of the Subject Vehicle's Sales Agreement and all repair orders to Defendant.** The Subject Vehicle's Sales Agreement identifies the total sales price of the vehicle. (Declaration of Andrea Plata ¶ 7.)

On November 17, 2025, Plaintiffs initially filed this action in Plaintiffs' chosen forum, the Orange County Superior Court, alleging causes of action against Defendant for violations of the Song-Beverly Consumer Warranty Act, for breach of the express written warranty and for breach of the implied warranty of merchantability (See Comp., generally.) On Novembre 20, 2025, Plaintiffs personally served a copy of the Complaint and Summons on Defendant.

(Declaration of Andrea Plata ¶ 5; Exhibit 1.) Thereafter, on December 22, 2025, Defendant filed their Answer in the Superior Court of California for the County of Orange, in lieu of removing the matter to federal jurisdiction. 28 U.S.C. § 1446(b)(1) ["Section 1446(b)(1)"] (removing party must remove action within the 30 days after service of summons or complaint). (Declaration of Andrea Plata ¶ 6.)

On March 20, 2026, Defendant filed their Notice of Removal with the Central District, relying on 28 U.S.C. §§ 1332, and 1446, ECF No. 1. <u>Defendant's Notice of Removal was filed 90 days after the thirty (30) day deadline for removal, which was December 20, 2025, as prescribed by 28 U.S.C. § 1446(b)(1)</u>. (Declaration of Andrea Plata ¶ 8.)

Defendant incorrectly contends that removal was not triggered by the Complaint because it purportedly fails to establish the amount in controversy and Plaintiffs' state of citizenship. (Dkt. 1, Notice of Removal, 2:26–3:2.) The Court should not be misled by Defendant's arguments, which are on their face misleading and unpersuasive. First, the complaint expressly states that Plaintiffs are, and at all relevant times mentioned in the Complaint were, residents of California. Plaintiffs' Complaint, ¶ 2. Defendant's attempt to manufacture ambiguity where none exists should be rejected.

Second, the record clearly reflects that Defendant had sufficient information to plausibly allege satisfaction of the jurisdictional threshold, and overall removability of the action, during its statutory removal window. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("*Dart*") (the Supreme Court establishing that notice of removal merely requires a ***plausible allegation*** that the Section 1332(a)'s jurisdictional threshold is met; ***evidentiary submissions concerning the amount in controversy are only required when either plaintiff, or the court, questions the propriety of removal***); *accord Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("*Ibarra*") (the

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

Ninth Circuit reverberating the appropriate standard established by the Supreme Court for removal concerning the jurisdictional threshold.). Emphasis added.

Moreover, on October 17, 2025, Plaintiff produced to Defendant a copy of the Subject Vehicle's Sales Agreement. (Declaration of Andrea Plata ¶ 7) This document clearly identifies a total sales price, rendering the amount in controversy unquestionably ascertainable.

Accordingly, pursuant to 28 U.S.C. § 1447(c), this Court is required to remand this matter to State Court where it rightfully belongs.

## II. ALL PARTIES MET AND CONFERED PRIOR TO THE FILING OF PLAINITFFS' MOTION TO REMAND PURSUANT TO LOCAL RULE 7-3

As required under Local Rule 7-3, all Parties conducted a Microsoft Teams meet-and-confer conference on March 31, 2026, raising, among other things, the issue of the timeliness of Defendant's removal. Despite Plaintiffs' offer to stipulate to remand, Defendant has not agreed to do so as of the date of this filing. (Declaration of Andrea Plata ¶ 9.)

## III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1446(b)(1) ("Section 1446") a notice of removal must be filed within thirty (30) days after a defendant receives the initial pleading or summons. Section 1446 is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction.") (citation omitted). "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

Remand must be ordered for any defect in the removal procedure. 28 U.S.C. § 1447(c). In order "to protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand." *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir.2005) citing *Shamrock Oil & Gas Corp. v. Sheet*,

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

313 U.S. 100, 108-09 (1941). Where "there is any doubt as to the right of removal in the first instance, remand ***must*** be ordered." *Ethridge v. Harbor House Rest*, 861 F.2d 1389, 1393 (9th Cir. 1988). Emphasis added. *See Buchner v. FDIC*, 981 F. 2d 816, 820 (5th Cir. 1993); 28 U.S.C. § 1447 (c). A district court, "...***must*** act on a timely **motion to remand** based on a defect in removal procedure." *Id.* at 219. Emphasis added. Additionally, the burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal to federal jurisdiction. *See Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); see also *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). In short, "...federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d, at 566.

## IV. ARGUMENT

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). *See also, Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986); *Provincial Gov't of Orangeduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "[A]ny doubt about the right of removal requires resolution in favor of remand." (*Moore-Thomas,* 553 F.3d, 1244.) Indeed, the courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See, DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).

Defendant has failed to meet its burden of demonstrating that removal was proper in any respect, as the removal was plainly untimely.

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

**a. The Amount In Controversy Is Ascertainable On The Face Of The Complaint**

"The mechanics and requirements for removal are governed by 28 U.S.C. § 1446. Section 1446(b) identifies two thirty-day periods for removing a case. (Omitted citation). The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face. (Omitted citation). The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (internal quotation marks omitted). Further, even when the complaint does not explicitly state the amount in controversy, as long as it is "not measured in a vacuum," "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings" should be used to "determine whether it is facially apparent that a case is removable." *MIC Philberts Investments v. Am. Cas. Co. of Reading, Pa.*, No. 1:12-CV-0131 AWI-BAM, 2012 WL 2118239, at *4 (E.D. Cal. June 11, 2012) (citing *Roe v. Michelin N. Am., Inc.* 613 F.3d 1058 (11th Cir.2010).

Although Plaintiff's state court complaint does not allege a specific dollar amount in controversy, it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $75,000.00 based on the face of the complaint alone. As noted in Defendant's Notice, the complaint explicitly states that Plaintiff's claims arise out of his purchase of a new 2022 GMC Sierra 1500 and seeks: "restitution for the purchase of the vehicle"; "incidental and consequential damages"; "civil penalties of two times the actual damages"; and "attorneys' fees". (*See* Complaint, Prayer for Relief.)

Notably, Defendant's Notice of Removal does not cite to any "other paper" which provided Defendant with new information amounting to its conclusion that

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Instead, Defendant only states that it performed a preliminary investigation to determine Plaintiffs' citizenship and the estimated amount in controversy. (Dkt. 1, Notice of Removal, 2:22–25.)

In *Dart*, the Supreme Court made clear that a notice of removal requires a mere ***plausible allegation*** that threshold requirement is met is to be accepted in good faith. See *Dart*, supra, at 89. With respect to evidentiary proof over this issue, the Supreme Court furthered that evidentiary submissions concerning the amount in controversy are necessitated only when the propriety of subject matter jurisdiction is questioned by a plaintiff or the court. *Id*. Emphasis added. Moreover, the Ninth Circuit has fallen in line with *Dart*'s Central holding as it has echoed that a mere plausible allegation that the amount in controversy has been met, without the submission of corroborating evidence, suffices for removal. *Ibarra*, *supra*, at 1197.

Defendant was simply required to provide a plausible allegation that Plaintiffs' remedies likely exceeded the jurisdictional threshold under the appropriate standard established by the *Dart* decision, and as accorded by *Ibarra*. Plaintiff emphasizes to the Court Defendant had more than sufficient information at its disposal to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold. Given its sophisticated knowledge of the motor vehicle industry, Defendant GM has, at a minimum, a rudimentary understanding or ability to ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle; especially given that the make, model, year, and VIN, were included within the factual bases alleged within the Complaint. Plaintiffs' Complaint, ¶ 6.

Defendant's position that it had no way of determining removability during the statutory removal window is further undermined by Plaintiffs' Complaint and its accompanying papers. Tellingly, the four corners of Plaintiffs' operative

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

Complaint provided Defendant notice of the nature and monetary relief sought. *Id*. Specifically, both the caption page and the accompanying Civil Case Cover Sheet, expressly indicated that the claim was being brought under the state court's unlimited jurisdiction (seeking damages above $35,000.00). *Id*.

While Plaintiffs' Complaint does not allege a specific monetary relief figure, it expressly lays out the specific forms of statutory relief sought under the Act. *Ibid*. Specifically, the Complaint seeks restitution of the amounts paid by Plaintiffs and the amounts owed, as well as civil penalties and attorneys' fees afforded to consumers, such as Plaintiffs, under the Act.[1] *Ibid*. Thus, it follows logically that the restitution amount coupled with the demand for civil penalties and attorneys' fees under the Act, not to mention Defendant's sophistication in the market valuation of the vehicles it manufactures and sells, make it clear that the instant action was removable since Defendant was served with a copy of the Complaint and Summons. *Dart*, *supra*, at 84 (when a state-initiated complaint does not specify the amount in controversy, a defendant's notice of removal may do so; *see* 28 U.S.C. § 1446(c)(A); *see* Cal. Code Civ. § 1794 *et seq*.

Assuming, arguendo, that Defendant truly lacked the information necessary to reasonably ascertain the amount in controversy upon service of the Complaint, that excuse no longer holds after October 17, 2025. On October 17, 2025, Plaintiff produced the Subject Vehicle's Sales Agreement and all repair orders pursuant to California Code of Civil Procedure § 871.24, which identifies the Subject Vehicle's total sales price. (Declaration of Andrea Plata ¶ 7.) Upon receipt of this document, any remaining doubt as to the amount in controversy was resolved.

Accordingly, Defendant's Notice of Removal is procedurally defective as it is untimely and this Court is required to remand the matter back to the Los Angeles County Superior Court.

[1] As referenced above, Plaintiff's actual damages are at a minimum $35,000.00; hence Plaintiff bringing their lemon law claims within the unlimited jurisdiction of the state court.

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

**b. Defendant Has Not Met Its Heavy Burden of Establishing That the Amount in Controversy Exceeds $75,000**

Where the amount is unclear from the face of the complaint, the removing defendant bears the burden of showing, by a preponderance of the evidence, that the jurisdictional threshold is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699–701 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404–05 (9th Cir. 1996)). This burden is a "heavy one," and courts apply a "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

**i. Actual Damages**

Defendant has not identified any factual allegations in the Complaint or produced any evidence showing that Plaintiff's actual damages approach or exceed $75,000. Instead, Defendant merely estimates the vehicle's value to yield an estimated actual damage of $112,310.88. (Notice of Removal, 5:8-13.) Conclusory assertions and speculation do not satisfy the burden of proof. *Chajon v. Ford Motor Co.*, 2019 WL 994019, at *1 (C.D. Cal. Jan. 8, 2019) (manufacturer's reliance on MSRP insufficient; "[w]ithout these facts, the Court is left with considerable doubt as to the amount in controversy").

Defendant also ignores the statutory mileage offset, which reduces any restitution award by the amount "directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d). Courts routinely account for this offset when evaluating the amount in controversy. *Maciel v. BMW of N. Am., LLC*, 2017 WL 8185859, at *2 (C.D. Cal. Aug. 7, 2017); *Schneider v. Ford Motor Co.*, 2020 WL 9915131, at *4 (N.D. Cal. Mar. 2, 2020). Defendant's failure to address or calculate the offset renders its damages argument fatally speculative.

//

//

//

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

**ii. Civil Penalties**

Civil penalties under the Song-Beverly Act may be up to twice the amount of actual damages. Cal. Civ. Code § 1794(c). But "if the amount of actual damages is speculative, an attempt to determine the civil penalty is equally uncertain." *Chavez v. FCA US LLC*, 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020). Because Defendant has provided no competent evidence of actual damages, any projection of civil penalties is likewise conjectural. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages." *See* Cal. Civ. Code § 1794(c). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019); *Estrada v. FC US LLC*, No. 2:20- cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative and are not adequately supported by the facts and evidence").

Defendant argues that the Court should consider the maximum civil penalties amount but fails to establish that inclusion of civil penalties is appropriate. Merely assuming the existence of a civil penalty award is insufficient to meet Defendant's *evidentiary* burden. Instead, **Defendant is required to offer evidence of willfulness that might support such an award**. *See, Savall*, 2021 WL 1661051 at *3 (S.D. Cal. Apr. 28, 2021); *Esparza v. FCA US LLC*, No. 2:21-cv-01856-RGK-MRW, 2021 WL 949600, at *1 (C.D. Cal. Mar. 12, 2021) (declining to include speculative civil penalties because they are to be determined by the court based on the specific facts of the case); *Quinones*, 2020 WL 4437482 at *2 ("Moreover, while civil penalties are available for *willful* failure to comply with the Song-Beverly Act, Defendant has not offered any evidence of willfulness which might support such an award.") (emphasis in original).

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

### iii. Attorneys' Fees

Defendant also claims attorneys' fees push the amount in controversy above $75,000, relying solely on Defendant's representation that fees likely "accumulated up to this point in litigation is $5,000." (Notice of Removal 6:3–13.) Courts have consistently rejected these self-serving, subjective assertions as insufficient. *Shelton v. Ford Motor Co.*, 2019 WL 126851, at *2 (C.D. Cal. Jan. 7, 2019); *Powers v. Ford Motor Co.*, 2019 WL 1557451, at *2 (C.D. Cal. Apr. 9, 2019); *Vande Steeg v. Ford Motor Co.*, 2020 WL 212508, at *5 (N.D. Cal. May 5, 2020). Attorney argument is not evidence, and speculation about possible fee awards cannot establish jurisdiction.

## V. CONCLUSION

Defendant's Notice of Removal is procedurally defective as it failed to timely file its Notice of Removal within the statutory deadline. Accordingly, Plaintiffs respectfully requests that this Court remand the action to the Orange County Superior Court where it rightfully belongs.

Dated: April 20, 2026

**PRESTIGE LEGAL SOLUTIONS, P.C.**

*/s/ Andrea Plata* _______
Andrea Plata, Esq.
Attorneys for Plaintiffs,
**LUIS CRUZ MEJIA**
**HOLBEI PEDRAZA TINOCO**

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Los Angeles, California; my business address is at 6420 Wilshire Blvd., Ste. 1400 Los Angeles, CA 90048.

On the date below, I served a copy of the foregoing document entitled:

**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Los Angeles, California on April 20, 2026.

*/s/ Andrea Plata*
Andrea Plata