UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00631-MRA-KES | Date | July 23, 2026 |
| Title | *Luis Cruz Mejia et al v. General Motors LLC* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFFS' MOTION TO REMAND [13]**

Before the Court is Plaintiffs' Motion to Remand (the "Motion"). ECF 13. The Court read and considered the briefing related to this Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **DENIES** the Motion.

## I. BACKGROUND

Plaintiffs Luis Cruz Mejia and Holbei Pedraza Tinoco ("Plaintiffs") filed this lawsuit against Defendant General Motors LLC ("Defendant" or "GM") and Does 1 through 10 for violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") and breach of the implied warranty of merchantability. ECF 1-1. Plaintiffs allege that, on or around May 27, 2023, they purchased a 2022 GMC Sierra 1500. *Id.* ¶¶ 6, 9. GM provided an express written warranty for the vehicle. *Id.* ¶ 11. During Plaintiffs' ownership of the vehicle, the vehicle manifested nonconformities subject to GM's warranty, including electrical system and suspension defects. *Id.* ¶ 12. Although Plaintiffs took the vehicle to GM to be repaired, GM failed to repair or replace the vehicle or pay Plaintiffs any restitution in violation of state law. *Id.* ¶¶ 13-15. Plaintiffs claim that GM further acted in violation of the Song-Beverly Act by failing to complete repairs within thirty days and failing to provide sufficient service literature and replacement parts to its authorized service and repair facilities. *Id.* ¶¶ 21, 26. The vehicle's alleged defects are evidence that GM breached the implied warranty accompanying the express written warranty provided by GM. *Id.* ¶¶ 30-31. Plaintiffs allege that GM's failure to comply with California law was willful, and that they are entitled to relief. *Id.* ¶¶ 17, 24, 28, 33. Specifically, Plaintiffs seek actual, consequential, and incidental damages according to proof; restitution; a civil penalty in the amount of two times Plaintiffs' actual damages; remedies authorized by the California Commercial Code; costs of litigation, including attorneys' fees; prejudgment interest; and other equitable or legal relief as the Court deems proper. *Id.* at 8.

On October 17, 2025, Plaintiffs purportedly produced a copy of the vehicle's sales agreement and related repair orders to Defendant. ECF 13-1, Declaration of Andrea Plata ("Plata Decl.") ¶ 7.

On November 17, 2025, Plaintiffs filed this action in Orange County Superior Court. ECF 1-1. On March 20, 2026, Defendant removed the case to federal court based on diversity jurisdiction. ECF 1. On April 20, 2026, Plaintiffs filed the instant Motion, arguing that removal was untimely and that Defendant failed to establish that the amount in controversy exceeds $75,000. ECF 13. Plaintiffs do not challenge the diversity of the parties; Plaintiffs are residents of California and GM is a limited liability company with its principal place of business in Michigan. Defendant opposes the Motion. ECF 17. Plaintiffs failed to file a reply.

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal district court has diversity jurisdiction to hear an action where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1).

In addition, a notice of removal must be filed within 30 days of the initial pleading or summons if, using a "reasonable amount of intelligence," the grounds for removability can be ascertained from such pleading or summons. 28 U.S.C. § 1446(b)(1); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). If the complaint does not reveal the grounds for removal, the NOR must be filed within 30 days of the defendant receiving an "amended pleading, motion, order or other paper" that reveals removability on its face. 28 U.S.C. § 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). This "other paper" must establish that removability is "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021).

The removing defendant bears the burden of establishing that removal is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Any doubt about the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "[A] notice of removal 'need not contain evidentiary submissions.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)). But "evidence showing the amount in controversy is required . . . when the plaintiff contests, or the

court questions, the defendant's allegation." *Id.* (quotation marks and citation omitted). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88. "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)).

## III. <u>DISCUSSION</u>

At the outset, the Court notes that Plaintiffs' arguments in its Motion are contradictory. Plaintiffs argue both that Defendant did not timely remove because the amount in controversy was evident from the face of the Complaint and that Defendant did not meet its burden of establishing subject matter jurisdiction at the time of removal because it cannot prove that the amount in controversy exceeds $75,000. *See* ECF 13 at 11-17. Plaintiffs failed to file a response addressing the notable inconsistencies identified by Defendant. Regardless, for the reasons described below, the Court finds that Defendant timely removed this action and satisfies the amount in controversy requirement.

### A. Timeliness

The Court begins by analyzing the timeliness of removal. Plaintiffs argue that remand is warranted because Defendant did not timely remove this action under 28 U.S.C. § 1446(b). ECF 13 at 12-14. Defendant insists that removal was not untimely because Plaintiffs did not provide sufficient information to trigger the 30-day removal period under 28 U.S.C. § 1446(b)(1) or § 1446(b)(3). ECF 17 at 20-24. Having considered the parties' arguments and evidence, the Court concludes that Defendant's Notice of Removal was not untimely because it is not clear from the face of the Complaint that this action was removable.

The parties agree that the amount in controversy is not explicitly quantified on the face of the Complaint. The Complaint only states that Plaintiffs seeks "actual damages," "restitution," "a civil penalty in the amount of two times Plaintiffs' actual damages," "any consequential and incidental damages," remedies authorized by the California Commercial Code, "prejudgment interest," and attorneys' fees and costs. ECF 1-1 at 8. Plaintiffs claim that the caption page and Civil Case Cover Sheet indicate that the claim was "seeking damages above $35,000." ECF 13 at 14. The Court is unable to identify what Plaintiffs are referencing and sees no mention of damages above $35,000. In any event, the Court rejects Plaintiffs' argument that bringing a claim under the state court's unlimited jurisdiction is sufficient to satisfy the amount in controversy requirement. *See Lopez v. Gen. Motors, LLC*, No. CV 25-06549-MWF(MAAX), 2025 WL

2629545, at *2 (C.D. Cal. Sept. 11, 2025) (collecting cases). Plaintiffs also argue that "it follows logically that the restitution amount coupled with the demand for civil penalties and attorneys' fees under the Act, not to mention Defendant's sophistication in the market valuation of the vehicles it manufactures and sells, make it clear that the instant action was removable since Defendant was served with a copy of the Complaint and Summons." ECF 13 at 14 (citing *Dart*, 574 U.S. at 84).

Plaintiffs are mistaken. In the Ninth Circuit, "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694; *see also Kuxhausen*, 707 F.3d at 1140 ("defendants need not make extrapolations or engage in guesswork" to ascertain the amount in controversy from the face of the complaint). Given that the Complaint did not provide a specific amount in controversy or specific facts that would allow Defendant to make simple calculations to ascertain the amount in controversy at issue, the Complaint was not facially removable. *See Fortune v. Gen. Motors, LLC*, No. CV 25-7300-JFW(JCX), 2025 WL 2866659, at *3 (C.D. Cal. Oct. 7, 2025).

Plaintiffs' reliance on the sales agreement and repair orders it purportedly provided to Defendant on October 17, 2025, is also unavailing. Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." The Ninth Circuit has held that "other paper" does not embrace "any document received prior to receipt of the initial pleading." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885-86 (9th Cir. 2010). Thus, the documents provided to Defendant on October 17, 2025, are not to be considered in this analysis.

Accordingly, Defendant timely removed this action.

### B. Amount in Controversy

The Court next turns to analyzing Plaintiffs alternative argument that Defendant cannot prove that the amount in controversy exceeds $75,000. Defendant removed this action on the basis of diversity jurisdiction, arguing that upon its preliminary investigation, it revealed that the parties are diverse and the amount in controversy exceeds $75,000. ECF 1 at 3. Defendant then responded to Plaintiffs' challenge in this Motion and provided evidence supporting its contention that the amount in controversy requirement is satisfied. ECF 17. Plaintiffs failed to file a reply to rebut the evidence provided by Defendant. After reviewing the evidence presented, the Court finds that it has diversity jurisdiction over this action because Defendant has established by a

preponderance of the evidence that the amount in controversy exceeds $75,000.

In determining the amount in controversy, courts must consider the "maximum recovery the plaintiff could reasonably recover." *Arias*, 936 F.3d at 927. The amount in controversy is the "amount at stake in the underlying litigation," which "includes any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Fritsch*, 899 F.3d at 793 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Id.* This Court agrees with multiple courts that have held that civil penalties, in addition to actual damages, should be considered because they are part of what Plaintiffs have put in controversy in the underlying litigation. *See Selinger v. Ford Motor Co.*, No. 2:22-CV-08883-SPG-KS, 2023 WL 2813510, at *9 (C.D. Cal. Apr. 5, 2023) (collecting cases).

Under the Song-Beverly Act, damages are measured by "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1). Plaintiffs argue that Defendant's actual damages assertion in the Notice of Removal is conclusory and speculative because "Defendant has not identified any factual allegations in the Complaint or produced any evidence showing that Plaintiffs' actual damages approach or exceed $75,000," and "ignores the statutory mileage offset." ECF 13 at 15. In response, Defendant submitted the sales purchase agreement showing that the vehicle's purchase price was $115,280.68. ECF 17-1, Declaration of Aubrey Kramer ("Kramer Decl.") ¶ 2; ECF 17-2 (providing a copy of the purchase agreement as Ex. A). Applying the mileage offset formula set forth in the Song-Beverly Act, Defendant then identifies an offset of $2,969.80. ECF 17 at 24. For this estimate, Defendant relies on repair records, which show that Plaintiffs first took the vehicle to the dealership for repair on January 30, 2024. Kramer Decl. ¶ 3; ECF 17-3 (providing a copy of the vehicle repair history as Ex. B). At the time of the repair, the vehicle had accrued 4,481 miles. *Id.* Based on the Court's calculation, this would actually result in a mileage offset of $3,029.98.[1] Defendant identifies $974 in additional offsets.[2] Defendant also provides Plaintiffs' loan history, which demonstrates that Plaintiffs' payoff amount at the time of removal was approximately $45,666.23. ECF 17 at 24;

[1] Dividing the number of miles driven before the first repair attempt (4,481) by 120,000 and then multiplying the resulting figure by the cash price of the subject vehicle ($81,142.14) results in an estimated mileage offset of $3,029.98. Cal. Civ. Code § 1793.2(c).

[2] Defendant identified other offsets for optional third-party contracts amounting to a total of $974. ECF 17 at 24 (citing Kramer Decl. ¶ 2, Ex. A; Cal. Civ. Proc. Code § 871.27).

Kramer Decl. ¶ 3; ECF 17-4 (providing a copy of Plaintiffs' loan history with respect to the vehicle as Ex. C). Defendant includes an additional 12 months of $1,373.47 payments because it is unlikely the case will settle. *Id.* at 24-25. Subtracting these offsets from the purchase price, Defendant has established by a preponderance of the evidence that the actual damages at issue are at a minimum **$74,534.73**. Plaintiffs did not file a reply to address the arguments and evidence presented by Defendant.

Under the Song-Beverly Act, the maximum civil penalty is two times the amount of actual damages. Cal. Civ. Code § 1794(c). Plaintiffs allege that Defendant willfully violated the Song-Beverly Act and seeks "a civil penalty in the amount of two times Plaintiff's actual damages." ECF 1-1 at ¶¶ 17, 24, 28; *id.* at 8. Based on the estimated damages, Defendant submits that adding the maximum civil penalties available brings the amount in controversy to $223,784.73. ECF 17 at 25. Adjusting for the correct mileage offset calculation, the Court calculates the amount in controversy including actual damages and the maximum civil penalty to be **$223,604.19**. Plaintiffs argue that Defendant failed to meet its burden because it has not proffered any evidence to support that such a penalty is likely to be awarded. ECF 13 at 16. But doing so "would lead to the untenable result of Defendant having to prove up its own liability for civil penalties to demonstrate the amount in controversy." *Selinger*, 2023 WL 2813510 at *9. Moreover, Defendant has presented evidence that the vehicle was presented for repair at least three times, which would support Plaintiffs' claim that Defendant willfully failed to repair the vehicle. *See* Kramer Decl. ¶ 3, Ex. B. Thus, Defendant has done enough to establish the potential for civil penalties without having to prove up its own liability and without merely relying on boilerplate allegations.

The Song-Beverly Act also allows for the recovery of attorneys' fees. *See* Cal. Civ. Code § 1794(d). Contrary to Plaintiffs' contention, Defendant's attorney's fees estimates are well supported and sufficient to meet its burden. Defendant provides a fee estimate of **$15,000.00** based on Defense counsel's "prior experience with Prestige Legal Solutions, and after evaluating billable hours for work performed on federal motion practice in recent months," Kramer Decl. ¶ 5, as well as Defendant's assessment after engaging with Plaintiffs' counsel that the case is unlikely to settle, ECF 17 at 26-27. Defendant also identifies in its Opposition Plaintiffs' recent demands in dozens of similar remand motions and provides examples of Plaintiffs' counsel's rates and billing practices. *Id.* Based on this information, the Court is satisfied that Defendant has met its burden. The estimated fees are substantive and reasonable.

Thus, considering all these factors, Defendant has established by a preponderance of the evidence that the maximum recovery Plaintiffs could reasonably recover is at least **$238,604.19**. This exceeds the amount in controversy requirement. Accordingly, the Court has diversity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00631-MRA-KES | Date | July 23, 2026 |
| Title | *Luis Cruz Mejia et al v. General Motors LLC* | | |

jurisdiction over this action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand [13] is **DENIED**.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku